KEB

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jason Adam Jensen, | No.    CV-25-00496-TUC-JGZ |
| Plaintiff, | |
| v. | **ORDER** |
| X.com Incorporated, et al., | |
| Defendants. | |

On September 2, 2025, pro se Plaintiff Jason Adam Jensen filed a Complaint (Doc. 1) and an Application to Proceed In Forma Pauperis (Doc. 2). The Court will grant Plaintiff's Application to Proceed and dismiss the Complaint with leave to amend.[1]

## I.    Application to Proceed In Forma Pauperis

The Court may allow a plaintiff to proceed without prepayment of fees when it is shown by affidavit that he "is unable to pay such fees[.]"  28 U.S.C. § 1915(a)(1); LRCiv 3.3.  Review of Plaintiff's Application demonstrates that his modest living expenses exceed his limited income.  (Doc. 2.)  Therefore, the Court will grant the Application.

//

//

---

[1] It appears that due to an error in the address listed on Plaintiff's Complaint, Plaintiff did not receive the Notice of Assignment or Notice to Self-Represented Litigant.  The Court will direct the Clerk of Court to update Plaintiff's address to the address listed in his other pending actions and resend to Plaintiff the Notice of Assignment and Notice for Self-Represented Litigants.

JDDL

## II.     Statutory Screening of In Forma Pauperis Complaints

Pursuant to 28 U.S.C. § 1915(e)(2), in a case in which a plaintiff has been granted in forma pauperis status, the Court shall dismiss the case "if the court determines that . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). However, the Court is not required "to accept as true a legal conclusion couched as a factual allegation." *Iqbal,* 556 U.S. at 678.

//

JDDL

If the Court determines that a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action.  *See Lopez v. Smith*, 203 F.3d 1122, 1127–29 (9th Cir. 2000) (en banc).  The Court will dismiss Plaintiff's Complaint for failure to state a claim, but because it may possibly be amended to state a claim, the Court will dismiss it with leave to amend.

## III.    Complaint

In his six-count Complaint, Plaintiff sues X.com, xAI Corp., Tesla, Inc. (Tesla), and Elon Musk.  (Doc. 1 at 2–4.)  Plaintiff seeks compensatory and punitive damages and declaratory and injunctive relief.  (*Id.* at 13–14.)

### A.    Factual Allegations

Plaintiff's Complaint includes a separate "Factual Allegations" section, in which he alleges as follows.

#### 1.    Plaintiff Background

Plaintiff is a resident of Tucson, Arizona. (*Id.* at 2.)  Plaintiff has been diagnosed with autistic spectrum disorder, which has been recognized as a disability under the Americans with Disabilities Act (ADA).  (*Id.* at 3.)  His disorder "significantly impacts" his social interaction and communication, "particularly in online environments," in which "nuanced social cues and algorithmic filtering" are "critical" for "engagement and understanding."  (*Id.* at 4.)  Plaintiff, "as a neurodivergent individual" with non-neurotypical "interactions and communication patterns," requires "reasonable accommodations" to access and participate in "public communication platforms."  (*Id.*)

#### 2.    X.com Allegations

Since April 3, 2019, Plaintiff's X.com account has been undergoing an appeal process that has been thus far "unaddressed," which has "effectively suspended" his access to and visibility on X.com.  (*Id.*)  Because of this, along with "'shadow banning' and content throttling," Plaintiff's X.com posts "receive minimal views," and "his reach is severely limited, often dropping to zero." (*Id.*)  Additionally, shortly after Plaintiff posts, "fake porn accounts" consistently "like" his content, which leads X.com to "throttle" his

content and "further suppress[] his visibility and engagement." (*Id.*)  Further, "consistent with algorithmic suppression," January 2025 "account analytics data" reveal "extreme fluctuations" in "impressions and engagement," with "sharp spikes" immediately followed by "severe declines."  (*Id.* at 4–5.)

X.com lacks a "transparent appeal mechanism for 'shadow banning.'" (*Id.* at 4.) Plaintiff has attempted "numerous" times to "seek clarification and resolution" from X.com support.  (*Id.*)  The responses Plaintiff has received have been "generic" and "unhelpful," and his tickets were "often" closed "without addressing his specific complaints."  (*Id.*) Plaintiff has also requested ADA accommodations from X.com "to understand why his 'neurodivergent interactions are being filtered and throttled." (*Id.* at 5.)  Plaintiff's requests received "generic responses or silence."  (*Id.*)

### 3.    Election-related Allegations

On June 5, 2025, Defendant Musk, in a "direct admission of election tampering and manipulation," stated on X.com, "Without me, Trump would have lost the election, Dems would control the House and the Republicans would be 51–49 in the Senate."  (*Id.* at 5.) In addition, on October 28, 2022, the platform "Twitter (now X.com)" was purchased for $44 billion and then "leverag[ed]" for "political influence" with no "disclosure as a political contribution." (*Id.*)

According to Plaintiff, Defendants X.com and Musk also engaged in "election manipulation tactics" by applying "'shadow banning' and content throttling" to "certain political narratives or individuals" on X.com.  (*Id.* at 6.)  Defendant Musk has "direct control" of Defendant xAI's Grok chatbot, which has been integrated with the X.com platform.  (*Id.*)  Grok allows for "massive election manipulation" by giving "Defendants" the ability to "amplify favored narratives," "suppress opposing viewpoints," deliver tailored political messages to specific demographics, and "orchestrate rapid responses" on X.com.  (*Id.*)

Defendant Musk has expressed publicly his intention to "launch a new political party, the 'America Party,'" whose stated goals include "disrupting existing political

structures and influencing congressional seats." (*Id.* at 7.)  Musk has used X.com to "promote his political views, gather feedback for his [new political party, 'the America Party,'], and engage political discourse," while suppressing "dissenting voices." (*Id.*)

On October 28, 2022, Defendant Musk acquired Twitter.  (*Id.* at 8.)  In a "direct act of election interference and manipulation of public discourse," Defendant Musk "unilaterally reinstated" President Donald Trump's previously banned Twitter (now X.com) account.  (*Id.* at 8.)  The account reinstatement occurred with no "public change in X.com's stated rules or policies regarding permanent bans," and with no "indication of a comprehensive review process" applied to other users with similarly banned accounts. (*Id.*)

Defendant Tesla, under Defendant Musk's "direct control and direction," gave up "its priority status for critical resources" to Defendant xAI Corp. to "facilitate the development and integration of Grok AI with X.com." (*Id.* at 7.)  In doing so, Defendant Tesla "breached [its] fiduciary duty to Tesla shareholders," failed to disclose "a political contribution," and engaged in "anti-competitive behavior." (*Id.*)  In addition, foreign investors contributed "significant funding" to Defendant Musk's acquisition of Twitter and "its subsequent integration into xAI," demonstrating an "effort to consolidate power and influence across multiple critical sectors.'" (*Id.*)  Further, Defendant Tesla's funding of xAI, along with "the rolling of X.com's debt into xAI," results in Defendant Tesla "indirectly financing" the AI of "a politically influential social media platform." (*Id.*)

**B.    Claims for Relief**

Plaintiff asserts six claims for relief, in which he makes additional allegations. Plaintiff does not incorporate, by reference or otherwise, the above "Factual Allegations" into his claims for relief.

In **Count One**, Plaintiff asserts a claim against X.com for "Violations of the Americans with Disabilities Act [(ADA)] (42 U.S.C. § 12101[,] *et seq.*)." (*Id.* at 9.)  He claims the X.com platform's "design, algorithms, and non-responsive support mechanisms" discriminate against individuals with disabilities such as mental health

conditions and autism. (*Id.*) He states X.com's "'shadow banning' and content throttling" of "'neurodivergent interactions constitutes a denial of equal access and effective communication." (*Id.*) Plaintiff claims X.com violates the ADA's requirement for reasonable accommodations by failing "to provide transparent explanations for account suppression, a functional appeal process, and specific accommodations for Plaintiff's disability." (*Id.*) He also contends that the "effective 'deletion'" of his online presence "directly contradicts the ADA's purpose of promoting participation and inclusion of individuals with disabilities. (*Id.*) He states, "this systemic silencing" precludes individuals with mental illness from "sharing their stories [and] competing with vast marketing interests," and it "degrades a protected class" with no "possible resolve or relief." (*Id.*)

In **Count Two**, Plaintiff raises a claim against X.com, which he labels: "Section 230 of the Communications Decency Act is Unconstitutional as Applied to X.com, Violating the First and Fifth Amendments." (*Id.*) Plaintiff contends § 230(c)(2) of the Communications Decency Act (CDA) becomes unconstitutional "when applied to a platform that engages in opaque, discriminatory, and non-transparent content suppression." (*Id.* at 10.) He states X.com's practices of "indefinitely pending appeals, 'shadow banning' without notification, and algorithmic throttling of protected classes" shows a "lack of 'good faith'" and constitutes "state action through its pervasive influence over public discourse." (*Id.*)

Plaintiff alleges CDA § 230(c)(2), as applied to X.com, violates the First Amendment and "chill[s] free expression" by allowing "X.com to censor or suppress speech" of "marginalized groups like the mentally ill" with no "accountability or transparency." (*Id.*) He claims § 230(c)(2) violates the Fifth Amendment "by allowing X.com to remove" users "from public discourse" with no "notification, explanation, or meaningful opportunity for appeal." (*Id.* at 10–11.) He also contends "the vague and arbitrary nature" of X.com's content moderation practices—e.g., "shadow banning"— violates due process. (*Id.* at 11.)

In **Count Three**, Plaintiff raises claims against Defendants Musk, X.com, and xAI Corp. for "Election Tampering, Undisclosed Political Contributions, and Violation of Federal Election Laws." (*Id.* at 11.)  Plaintiff states Defendant Musk's "ownership and control of X.com," coupled with his public statements regarding his influence on election outcomes, shows his "intent and action to tamper with federal elections." (*Id.*)  Plaintiff also states Defendant Musk's acquisition of Twitter constitutes an unlawful undisclosed political contribution because it was "financed by foreign entities" and subsequently used as a platform to promote Musk's "political agenda" and for "political influence." (*Id.*)  He contends Defendants X.com, Musk, and xAI Corp., using AI technologies, "undermined the integrity of democratic elections" by engaging in "election manipulation by controlling the dissemination of information, suppressing opposing viewpoints, and amplifying favored political narratives." (*Id.*)

In **Count Four**, Plaintiff raises a claim against Defendant X.com for "Breach of Contract and/or Implied Covenant of Good Faith and Fair Dealing." (*Id.*)  Plaintiff states that X.com enters into an implied contract with its users by "offering a platform for public communication and engagement." (*Id.*)  He claims X.com's "prolonged failure to address [his] appeal," "implementations of opaque 'shadow banning,'" and consistent "non-responsive support" constitute a breach of the covenant of good faith and fair dealing and a breach of contract. (*Id.* at 11–12.)

In **Count Five**, Plaintiff raises a claim against X.com for "Unjust Enrichment and Violation of the Fair Labor Standards Act." (*Id.* at 12.)  He claims Defendant X.com benefits from "user-generated content," which constitutes "uncompensated labor." (*Id.*)  He contends X.com is "unjustly enriched" because it "suppress[es], delete[s], or otherwise manipulat[es]" user-generated content while profiting from user contributions. (*Id.*)  Plaintiff states "this practice," combined with X.com's control over "content dissemination," is a potential "violation of the Fair Labor Standards Act (FLSA)." (*Id.*)

In **Count Six**, Plaintiff asserts a claim against all Defendants for "Antitrust Violation and Violation of Public Policy." (*Id.*)  He states Defendant X.com's "dominant

market position in online public discourse" and its "practices of content control and
suppression" result in a "'limited monopoly' that contravenes public policy" pertaining to
"free and open elections and the free exchange of ideas." (*Id.* at 12.) He further contends
that the "ability of a single corporate entity" to have "pervasive control over public
communication" is a "significant threat to a sovereign union" and a potential "violation of
the Sherman Act." (*Id.*) In addition, he claims the "leveraging of anti-competitive
connections with Tesla and SpaceX" increases "this monopolistic control," extending
"Defendant Musk's influence across critical technological and communication sectors."
(*Id.* at 12–13.) Plaintiff also states that Defendant Tesla's funding of xAI "rais[es] serious
concerns about corporate governance, shareholder interests, and undisclosed political
expenditures." (*Id.*)

## IV.   Failure to State a Claim

### A.   Count One

In Count One, Plaintiff asserts a claim against Defendant X.com for alleged ADA
violations.   The ADA consists of several titles, including Title I on "Employment," 42
U.S.C. §§ 12111-12117; Title II on "Public Services," 42 U.S.C. §§ 12131-12134; and
Title III on "Public Accommodations and Services Operated by Private Entities," 42 U.S.C.
§§ 12181-12189. *Payne v. Arpaio*, No. CV09-01195, 2009 WL 3756679, at *9 (D. Ariz.
2009). X.com is a private corporation[2]; thus, Plaintiff appears to be attempting to assert a
claim against X.com under Title III of the ADA.

To state a claim under Title III of the ADA, a plaintiff must show that "(1) []he is
disabled within the meaning of the ADA; (2) the defendant is a private entity that owns,
leases, or operates a place of public accommodation; and (3) the plaintiff was denied public
accommodations by the defendant because of [his] disability." *Molski v. M.J. Cable, Inc.*,
481 F.3d 724, 730 (9th Cir. 2007); 42 U.S.C. §§ 12182(a)-(b). Private entities are
considered public accommodations for purposes of Title III if their operations effect

---

[2]    https://sfstandard.com/2023/04/11/twitter-is-now-called-x-corp-and-no-longer-exists/
[https://perma.cc/7ZWJ-K4AN].

commerce; these include, for example, hotels, restaurants, auditoriums, stores, service centers, public transportation stations, museums, parks, and places of exercise or recreation.   *See* 42 U.S.C. § 12181(7).  The "public accommodations" listed under 42 U.S.C. § 12181(7) are all "actual, physical places."  *Weyer v. Twentieth Century Fox Film Corp.*, 198 F.3d 1104, 1114 (9th Cir. 2000); *see also Young v. Facebook, Inc.*, 790 F. Supp. 2d 1110, 1114 (N.D. Cal. 2011) ("Under controlling Ninth Circuit authority, 'places of public accommodation' under the ADA are limited to actual physical spaces.") (internal quotation marks and citation omitted).

Plaintiff has adequately alleged he is disabled within the meaning of the ADA. However, Plaintiff fails to allege facts showing he was denied the public accommodation of an "actual, physical place" or that he was denied any such accommodation *because* he has a disability. Further, Plaintiff's allegation that Defendant X.com's "systemic silencing" of individuals with mental illnesses "degrades a protected class" is insufficient, as Plaintiff may not raise a claim on behalf of other individuals.  *See Mothershed v. Justices of the Supreme Court*, 410 F.3d 602, 610 (9th Cir. 2005) (A "'plaintiff generally must assert his own legal rights and interests[] and cannot rest his claim to relief on the legal rights or interests of third parties.'") (quoting *Warth v. Seldin*, 422 U.S. 490, 499 (1975)). Accordingly, Plaintiff fails to state an ADA claim, and the Court will dismiss Count One.

### B.    Count Five - Fair Labor Standards Act

In Count Five, Plaintiff alleges potential violations of the FLSA.  The FLSA gives an employee the right to sue his employer.  *Arias v. Raimondo*, 860 F.3d 1185, 1190 (9th Cir. 2017).  The FLSA definition of "employee" is broad but "does have its limits." *Dawson v. Nat'l Collegiate Athletic Ass'n*, 932 F.3d 905, 908–09 (9th Cir. 2019) (citing *Tony & Susan Alamo Found. v. Sec'y of Labor*, 471 U.S. 290, 295 (1985)).  Ultimately, "[t]he test of employment under the FLSA is one of 'economic reality.'" *Tony & Susan Alamo Found.*, 471 U.S. at 301.  There are number of circumstances relevant in evaluating economic reality, including: (1) expectation of compensation, (2) the power to hire and

fire, and (3) evidence that an arrangement was "conceived or carried out" to evade the law. *Dawson,* 932 F.3d at 909.

Plaintiff does not allege he is an employee of any Defendant.  Further, he does not allege facts sufficient to show he had an expectation of compensation, that any Defendant had the power to hire or fire him, or that any Defendant "conceived and carried out" an arrangement with Plaintiff to evade the law.  Plaintiff, therefore, is not an "employee" within the meaning of the FLSA and fails to state a FLSA claim.  Accordingly, the Court will dismiss the FLSA claim in Count Five.

### C.    Count Six - Antitrust

In Count Six, Plaintiff raises claims of antitrust violations, including violation of the Sherman Antitrust Act (Sherman Act). [3]  A plaintiff may only pursue an antitrust action if he can show an antitrust injury, that is, "injury of the type the antitrust laws were intended to prevent and that flows from that which makes defendants' acts unlawful." *Atlantic Richfield Co. v. USA Petroleum Co.,* 495 U.S. 328, 334 (1990).  To show an antitrust injury, a plaintiff must allege facts supporting the presence of: "(1) unlawful conduct, (2) causing an injury to the plaintiff, (3) that flows from that which makes the conduct unlawful, and (4) that is of the type the antitrust laws were intended to prevent."  *Am. Ad Mgmt., Inc. v. Gen. Tel. Co.*, 190 F.3d 1051, 1055 (9th Cir. 1999).

Plaintiff fails to allege facts demonstrating the existence of any Defendant's unlawful conduct or any injury that resulted from such conduct.  His allegations consist largely of conjecture and legal conclusions, which the Court is not required to accept as true. *Iqbal,* 556 U.S. at 678.  As such, Plaintiff fails to establish the presence of an antitrust injury.  Accordingly, Plaintiff fails to state an antitrust claim, and the Court will dismiss Count Six.

//

//

---

[3] As noted above, in Count Six, Plaintiff also raises a claim against Defendants for "Violation of Public Policy"; however, Plaintiff does not specify to which public policy he is referring or describe any such policy.  Without more, this is insufficient to state a claim.

1      **D.**     **Article III Standing—Counts Two and Three**

2           **1.**     **Count Two**

3       In Count Two, Plaintiff claims § 230 of the CDA is "unconstitutional as applied to

4 X.com." Under Article III of the U.S. Constitution, to raise a claim challenging the

5 constitutionality of a statute, a plaintiff must establish standing by demonstrating an injury

6 in fact. *Lewis v. Google LLC,* 461 F. Supp.3d 938, 952 (N.D. Cal. 2020) (citing *Lujan v.*

7 *Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)). This injury must be an invasion of a

8 legally protected interest that is concrete, particularized, and either actual or imminent.

9 *Lujan*, 504 U.S. at 560–61. Without an injury in fact, there is no case or controversy in the

10 constitutional sense, which is a prerequisite for federal jurisdiction. *Francis v. Cleland*,

11 433 F. Supp. 605, 611–12 (D.S.D. 1977) (citing *Sierra Club v. Morton*, 405 U.S. 727, 734–

12 35; *U.S. v. Students Challenging Regul. Agency Procs*., 412 U.S. 669, n.14 (1973)). Even

13 liberally construing Plaintiff's Complaint, Plaintiff fails to link any Defendant's conduct

14 in Count Two to a specific injury; in fact, Plaintiff fails allege that he personally suffered

15 *any* injury Count Two. Accordingly, Plaintiff lacks standing under Article III to challenge

16 the constitutionality of CDA § 230.

17       Moreover, to the extent Plaintiff alleges X.com violated the First and Fifth

18 Amendments, a private entity must qualify as a state actor to be subject to constitutional

19 restrictions. For a private entity to be considered a state actor, Plaintiff must allege facts

20 supporting an inference that the government is responsible for the specific conduct of

21 which he complains. *Children's Health Defense v. Meta Platforms, Inc.*, 112 F.4th 742,

22 754 (9th Cir. 2024). Relevant here, the Ninth Circuit has found that the CDA merely allows

23 social media platforms to choose whether to suppress certain third-party speech without

24 risking litigation and does not transform private entities into state actors. *Id.* at 762.

25 Plaintiff has not alleged facts that would show the government is responsible for any

26 Defendant's alleged conduct. He has therefore failed to demonstrate that any Defendant is

27 a state actor subject to constitutional restrictions. For the reasons stated above, Plaintiff

28 fails to state a claim in Count Two, and the Court will dismiss it.

1

        **2.    Count Three**

2        In Count Three, Plaintiff raises claims for election interference, election fraud, and

3    violation of federal election laws. Raising such claims also requires establishment of

4    Article III standing, and courts have consistently held that speculative, hypothetical, or

5    generalized injuries are insufficient to confer standing.  *E.g.*, *Lake v. Hobbs*, 623

6    F. Supp. 3d 1015, 1029 (D. Ariz. 2022) (voters failed to establish standing because their

7    claims of election interference were based on a speculative chain of contingencies rather

8    than a certainly impending injury); *Paher v. Cegavske*, 457 F. Supp. 3d 919, 926 (D. Nev.

9    2020) (claims of vote dilution due to alleged election fraud were speculative and

10    constituted generalized grievances that could be raised by any voter, failing to meet the

11    injury-in-fact requirement).

12        Here, Plaintiff's claims regarding election interference, election fraud, and

13    nondisclosure of political contributions are at best speculative grievances that any voter

14    could raise.  Thus, Plaintiff has failed to identify a concrete, particularized, or actual injury

15    caused by Defendants' alleged conduct in Count Three, and the Court will dismiss Count

16    Three.

17        **E.    State Claims**

18        Plaintiff's claims in Count Four (willful misconduct and spoilation of evidence,

19    intentional infliction of emotional distress, and breach of contract) and Count Five (unjust

20    enrichment) arise under state law.  Under 28 U.S.C. § 1367(c)(3), if a federal district court

21    has dismissed all claims over which it has original jurisdiction, it may, in its discretion,

22    dismiss without prejudice supplemental state law claims brought in the same action.

23    Although a district court is not required to dismiss the supplemental state law claims, "in

24    the usual case in which all federal-law claims are eliminated before trial, the balance of

25    factors to be considered under the pendent jurisdiction doctrine—judicial economy,

26    fairness, convenience, and comity—will point toward declining to exercise jurisdiction

27    over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350

28

n.7 (1988); *see also Les Shockley Racing, Inc. v. Nat'l Hot Rod Ass'n*, 884 F.2d 504, 509 (9th Cir. 1989).

The Court declines to exercise supplemental jurisdiction here because Plaintiff has failed to state a federal claim. *See Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001) ("A court may decline to exercise supplemental jurisdiction over related state-law claims once it has 'dismissed all claims over which it has original jurisdiction.'"  (quoting 28 U.S.C. § 1367(c)(3))); *Gini v. L.V. Metro. Police Dep't*, 40 F.3d 1041, 1046 (9th Cir. 1994) (when federal law claims are eliminated before trial, the court generally should decline jurisdiction over state law claims and dismiss them without prejudice).  Accordingly, the Court will dismiss Counts Four and Five.

**V.    Leave to Amend**

For the foregoing reasons, the Court will dismiss Plaintiff's Complaint for failure to state a claim upon which relief may be granted.  Within 30 days, Plaintiff may submit a first amended complaint to cure the deficiencies outlined above.  The Clerk of Court will mail Plaintiff a court-approved form to use for filing a first amended complaint.[4]

Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint."  The first amended complaint must be retyped or rewritten in its entirety and may not incorporate any part of the original Complaint by reference.  Plaintiff may include only one claim per count.

A first amended complaint supersedes the original Complaint.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court will treat the original Complaint as nonexistent.  *Ferdik*, 963 F.2d at 1262.  Any cause of action that was raised in the original Complaint and that was voluntarily dismissed or was dismissed without prejudice

---

[4] Although Plaintiff is not a prisoner and is therefore not required to use this form, *see* LRCiv. 3.4 (requiring pro se prisoners to use this District's court-approved form complaint), the Court  recommends that he do so. In addition, the Court suggests Plaintiff review the Court's informational Handbook for Self-Represented Litigants, available at https://publicapps.azd.uscourts.gov/prose-survey, prior to submitting an amended complaint, or seek assistance at SU2J, a non-profit organization which provides free lawyer advice.

is waived if it is not alleged in a first amended complaint.  *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

**VI.     Warnings**

      **A.     Address Changes**

      Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

      **B.     Possible Dismissal**

      Plaintiff is advised that if an amended complaint fails to state a claim upon which relief can be granted, the Court will likely dismiss this action.  If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik*, 963 F.2d at 1260–61 (a district court may dismiss an action for failure to comply with any order of the Court).

//
//
//
//
//
//
//
//
//
//
//
//
//
//

**IT IS ORDERED:**

(1)     The Clerk of Court must update the docket to reflect Plaintiff's address of record as 919 N. Stone Ave. #5305, Tucson, AZ 85705.

(2)     The Clerk of Court must **send** the Notice of Assignment (Doc. 3) and Notice to Self-Represented Litigant (Doc. 4) to Plaintiff at his updated address.

(3)     Plaintiff's Application to Proceed In Forma Pauperis (Doc. 2) is **granted**. Plaintiff is not required to pay the filing fee for this case.

(4)     The Complaint (Doc. 1) is **dismissed** for failure to state a claim.  Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in compliance with this Order.

(5)     If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice and deny any pending unrelated motions as moot.

(6)     The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

Dated this 19th day of December, 2025.

Jennifer G. Zipps
Chief United States District Judge

JDDL

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1.  <u>Who May Use This Form</u>.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence**.  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2.  <u>The Form</u>.  **Local Rule of Civil Procedure (LRCiv) 3.4 provides that complaints by incarcerated persons must be filed on the court-approved form.**  The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper. You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.

3.  <u>Your Signature</u>.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4.  <u>The Filing and Administrative Fees</u>.  The total fees for this action are $405.00 ($350.00 filing fee plus $55.00 administrative fee).  If you are unable to immediately pay the fees, you may request leave to proceed in forma pauperis.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court In Forma Pauperis Pursuant to 28 U.S.C. § 1915" for additional instructions.

5.  <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.  **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**

6.  <u>Where to File</u>.  You should file your complaint in the division **where you were confined when your rights were allegedly violated**.  *See* LRCiv 5.1(a) and 77.1(a).  If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.  If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division. If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.  **Unless you are an inmate housed at an Arizona Department of Corrections facility that participates in electronic filing, mail the original and one copy of the complaint with the $405 filing and administrative fees or the application to proceed in forma pauperis to:**

Revised 11/6/24

<u>Phoenix & Prescott Divisions</u>:     **OR**     <u>Tucson Division</u>:
U.S. District Court Clerk                              U.S. District Court Clerk
U.S. Courthouse, Suite 130                       U.S. Courthouse, Suite 1500
401 West Washington Street, SPC 10      405 West Congress Street
Phoenix, Arizona  85003-2119               Tucson, Arizona  85701-5010

7.   <u>Change of Address</u>.   You must immediately notify the Court and the defendants in writing of any change in your mailing address.   **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.   <u>Certificate of Service</u>.   You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed in forma pauperis). Each original document (except the initial complaint and application to proceed in forma pauperis) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.   *See* Fed. R. Civ. P. 5(a), (d).   Any document received by the Court that does not include a certificate of service may be stricken.   **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**

   A certificate of service should be in the following form:

   I hereby certify that a copy of the foregoing document was mailed
   this _____ (month, day, year) to:
   Name:   _____
   Address:_____
                    Attorney for Defendant(s)

   _____
   (Signature)

9.   <u>Amended Complaint</u>.   If you need to change any of the information in the initial complaint, you must file an amended complaint.   The amended complaint must be written on the court-approved civil rights complaint form.   You may file one amended complaint without leave (permission) of Court within 21 days after serving it or within 21 days after any defendant has filed an answer, whichever is earlier.   *See* Fed. R. Civ. P. 15(a).   Thereafter, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.   LRCiv 15.1.   In addition, an amended complaint may not incorporate by reference any part of your prior complaint. LRCiv 15.1(a)(2).   **Any allegations or defendants not included in the amended complaint are considered dismissed.**   All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.   <u>Exhibits</u>.   You should not submit exhibits with the complaint or amended complaint. Instead, the relevant information should be paraphrased.   You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.   <u>Letters and Motions</u>.   It is generally inappropriate to write a letter to any judge or the staff of any judge.   The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12.   <u>Completing the Civil Rights Complaint Form</u>.

**HEADING:**

    1.   <u>Your Name</u>.   Print your name, prison or inmate number, and institutional mailing address on the lines provided.

    2.   <u>Defendants</u>.  If there are **four or fewer** defendants, print the name of each.   If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.   Insert the additional page after page 1 and number it "1-A" at the bottom.

    3.   <u>Jury Demand</u>.   If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."   Failure to do so may result in the loss of the right to a jury trial.   A jury trial is not available if you are seeking only injunctive relief.

**Part A.   JURISDICTION:**

    1.   <u>Nature of Suit</u>. Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "*Bivens v. Six Unknown Federal Narcotics Agents*" for federal defendants; or "other."   If you mark "other," identify the source of that authority.

    2.   <u>Location</u>.   Identify the institution and city where the alleged violation of your rights occurred.

    3.   <u>Defendants</u>.   Print all of the requested information about each of the defendants in the spaces provided.   If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.   Insert the additional page(s) immediately behind page 2.

**Part B.   PREVIOUS LAWSUITS:**

    You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.   Print all of the requested information about each lawsuit in the spaces provided.   If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.   Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.   CAUSE OF ACTION:**

    You must identify what rights each defendant violated.   The form provides space to allege three separate counts (**one violation per count**).   If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page.   Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.   Remember that you are limited to a total of fifteen additional pages.

1. <u>Counts</u>.   You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2. <u>Issue Involved</u>.   Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.   If you check the box marked "Other," you must identify the specific issue involved.

3. <u>Supporting Facts</u>.   After you have identified which civil right was violated, you must state the supporting facts.   Be as specific as possible.   You must state what each individual defendant did to violate your rights.   If there is more than one defendant, you must identify which defendant did what act.   You also should state the date(s) on which the act(s) occurred, if possible.

4. <u>Injury</u>.   State precisely how you were injured by the alleged violation of your rights.

5. <u>Administrative Remedies</u>.   You must exhaust any available administrative remedies before you file a civil rights complaint.   *See* 42 U.S.C. § 1997e.   Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.   If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.   REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.   Failure to sign the complaint will delay the processing of your action.   Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.


**FINAL NOTE**

You should follow these instructions carefully.   Failure to do so may result in your complaint being stricken or dismissed.   All questions must be answered concisely in the proper space on the form.   If you need more space, you may attach no more than fifteen additional pages. But the form must be completely filled in to the extent applicable.   If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,
(Full Name of Plaintiff)

               Plaintiff,

v.

(1) _____ ,
(Full Name of Defendant)

(2) _____ ,

(3) _____ ,

(4) _____ ,

          Defendant(s).

☐ Check if there are additional Defendants and attach page 1-A listing them.

**CASE NO.** _____
         (To be supplied by the Clerk)

**CIVIL RIGHTS COMPLAINT
BY A PRISONER**

☐ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint

## A.  JURISDICTION

1.    This Court has jurisdiction over this action pursuant to:
        ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
        ☐ 28 U.S.C. § 1331; *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).
        ☐ Other: _____.

2.    Institution/city where violation occurred: _____.

Revised 12/1/23                      1                        **550/555**

## B.   DEFENDANTS

1.    Name of first Defendant: _____.  The first Defendant is employed
as: _____ at_____.
                    (Position and Title)                                                (Institution)

2.    Name of second Defendant: _____.  The second Defendant is employed as:
as: _____ at_____.
                    (Position and Title)                                                (Institution)

3.    Name of third Defendant: _____.  The third Defendant is employed
as: _____ at_____.
                    (Position and Title)                                                (Institution)

4.    Name of fourth Defendant: _____.  The fourth Defendant is employed
as: _____ at_____.
                    (Position and Title)                                                (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.   PREVIOUS LAWSUITS

1.    Have you filed any other lawsuits while you were a prisoner?          ☐ Yes          ☐ No

2.    If yes, how many lawsuits have you filed? _____.   Describe the previous lawsuits:

   a.   First prior lawsuit:
        1.   Parties: _____ v. _____
        2.   Court and case number: _____.
        3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
             _____.

   b.   Second prior lawsuit:
        1.   Parties: _____ v. _____
        2.   Court and case number: _____.
        3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
             _____.

   c.   Third prior lawsuit:
        1.   Parties: _____ v. _____
        2.   Court and case number: _____.
        3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
             _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

2

## D.  CAUSE OF ACTION

### COUNT I

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
   ☐ Basic necessities    ☐ Mail    ☐ Access to the court    ☐ Medical care
   ☐ Disciplinary proceedings    ☐ Property    ☐ Exercise of religion    ☐ Retaliation
   ☐ Excessive force by an officer    ☐ Threat to safety  ☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____.

5.   **Administrative Remedies:**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?    ☐ Yes    ☐ No
   b.   Did you submit a request for administrative relief on Count I?    ☐ Yes    ☐ No
   c.   Did you appeal your request for relief on Count I to the highest level?    ☐ Yes    ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

3

**COUNT II**

1.  State the constitutional or other federal civil right that was violated: _____

_____.

2.  **Count II.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
    ☐ Basic necessities          ☐ Mail               ☐ Access to the court      ☐ Medical care
    ☐ Disciplinary proceedings   ☐ Property           ☐ Exercise of religion     ☐ Retaliation
    ☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.  **Supporting Facts.**  State as briefly as possible the FACTS supporting Count II.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.  **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.  **Administrative Remedies.**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                           ☐ Yes      ☐ No
    b.  Did you submit a request for administrative relief on Count II?        ☐ Yes      ☐ No
    c.  Did you appeal your request for relief on Count II to the highest level?   ☐ Yes      ☐ No
    d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.  _____
    _____.

4

**COUNT III**

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count III.**   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
☐ Basic necessities          ☐ Mail          ☐ Access to the court          ☐ Medical care
☐ Disciplinary proceedings   ☐ Property      ☐ Exercise of religion         ☐ Retaliation
☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.   **Supporting Facts.**   State as briefly as possible the FACTS supporting Count III.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
  a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                                 ☐ Yes      ☐ No
  b.   Did you submit a request for administrative relief on Count III?          ☐ Yes      ☐ No
  c.   Did you appeal your request for relief on Count III to the highest level?  ☐ Yes      ☐ No
  d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.   _____
_____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

5

## E.   REQUEST FOR RELIEF

State the relief you are seeking:

_____
_____
_____
_____
_____
_____
_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
                            DATE                                              SIGNATURE OF PLAINTIFF



_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)



_____
(Signature of attorney, if any)



_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.   If you need more space, you may attach no more than fifteen additional pages.   But the form must be completely filled in to the extent applicable. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.